146 So. 918

## Taz CURRY v. STATE.
### 8 Div. 584.

Court of Appeals of Alabama.
Feb. 14, 1933.

SAMFORD, Judge.
Affirmed.

146 So. 918

## J. V. CURTIS, Ex'r, v. Beulah EDMONDSON.
### 7 Div. 970.

Court of Appeals of Alabama.
Feb. 21, 1933.

PER CURIAM.
Appeal dismissed by agreement.

139 So. 913

## Huffman DABBS v. STATE.
### 6 Div. 122.

Court of Appeals of Alabama.
Feb. 2, 1932.

BRICKEN, P. J.
Affirmed.

142 So. 921

## Thomas H. DANIEL v. STATE.
### 8 Div. 529.

Court of Appeals of Alabama.
May 24, 1932.

SAMFORD, J.
Affirmed.

146 So. 918

## James DAVIDSON v. STATE.
### 8 Div. 569.

Court of Appeals of Alabama.
Feb. 28, 1933.

F. S. Parnell, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant was tried and convicted for the offense of operating a motor vehicle while drunk or intoxicated on a certain public highway designated in the complaint. The trial resulted in his conviction as charged, and the jury assessed a fine of $100. As additional punishment, the court sentenced the defendant to 90 days' hard labor for the county. From the judgment of conviction, this appeal was taken.

Several exceptions were reserved to the court's rulings upon the admission of evidence, but no error appears in this connection; the alleged objectionable testimony related to the res gestæ thus rendering it admissible.

That the accused was driving the automobile (a motor vehicle) upon the occasion in question, and upon the designated public highway, is without dispute. The sole question to be determined therefore was whether he was intoxicated at that time. The fact that there was a more or less disastrous accident at the time would not of itself be sufficiently conclusive that the defendant was intoxicated. But here there was other evidence by several witnesses which tended to show that he was intoxicated; therefore a jury question was presented, and the court properly submitted the case to the jury. We are of the opinion that the evidence was ample to justify the verdict of the jury. Throughout the entire trial we discover no error of a reversible nature in any ruling of the court. It appears that the accused was accorded a fair and impartial trial, and, no error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.